Robyn E. Bladow (SBN 205189)
Kirkland & Ellis LLP
555 South Flower Street
Suite 3700
Los Angeles, CA 90071
Tel.: (213) 680-8400
Fax: (213) 680-8500

Edwin John U, P.C. (SBN 198182)
Michael A. Glick (*pro hac vice* pending)
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 389-5000
Fax: (202) 389-5200

*Attorneys for S.C. Johnson & Son, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET PEGGI LOUISE GARVEY on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>S.C. JOHNSON & SON, INC.,<br><br>Defendant. | Case No.: 4:23-cv-01518<br><br>**SC JOHNSON'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Judge: Honorable Jeffrey S. White<br>Hearing Date: August 25, 2023<br>Time: 9:00 a.m.<br>Location: Via Zoom |

## <u>NOTICE OF MOTION AND MOTION TO DISMISS</u>

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on the 25th day of August 2023, at 9:00 a.m. or as soon thereafter as this Motion may be heard by the Honorable Jeffrey S. White in accordance with the Court's protocols, S.C. Johnson & Son, Inc. ("SC Johnson") will, and hereby does, move the Court for an order dismissing the Complaint of Margaret Peggi Louise Garvey, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 9(b). The Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the entire file in this matter, and the arguments of counsel.

DATED: June 26, 2023

Respectfully submitted,

Kirkland & Ellis LLP

/s/ *Robyn E. Bladow*

Robyn E. Bladow (SBN 205189)
Kirkland & Ellis LLP
555 South Flower Street
Suite 3700
Los Angeles, CA 90071
Tel.: (213) 680-8400
Email: robyn.bladow@kirkland.com

Edwin John U, P.C. (SBN 198182)
Michael A. Glick (*pro hac vice* pending)
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel.: (202) 389-5000
Email: edwin.u@kirkland.com
Email: michael.glick@kirkland.com

*Attorneys for S.C. Johnson & Son, Inc.*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ......................................................................................................1

BACKGROUND ......................................................................................................2

ISSUES PRESENTED ..............................................................................................5

LEGAL STANDARD ...............................................................................................5

ARGUMENT ...........................................................................................................6

    I.     The Complaint Fails to State Any Actionable Representation That Would Mislead a Reasonable Consumer. ...........................................................6

        A.     Plaintiff Ignores the Actual "Recyclable" Representation for Ziploc® Bags and Conflates the Recycling Processes for Store Drop-Offs versus Curbside Recycling. ...................................6

        B.     Plaintiff's "Recyclable" Claim Conflicts with the Plain Meaning of That Term. ..........................................................................9

    II.    Plaintiff Lacks Article III and Statutory Standing Absent an Injury-In-Fact. ..12

    III.   Plaintiff's Fraud-Based Claims Must Be Dismissed for Failure to Comply with Rule 9(b)............................................................................13

    IV.   Plaintiff's Fraud Claim Fails Because She Does Not Allege Fraudulent Intent........................................................................................14

    V.    Plaintiff's Unjust Enrichment Claim Fails Because Unjust Enrichment Is Not a Stand-Alone Claim and She Does Not Identify Any Independent Theory Supporting It. ..........................................................15

    VI.   Plaintiff Failed to Serve a CLRA Demand Letter. ............................15

    VII.  Plaintiff's Statutory Claims Should Be Dismissed as to Products That Do Not Contain the Challenged "Recyclable" Representation...........................15

CONCLUSION .......................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).................................................................................................................5

*Astiana v. Hain Celestial Grp., Inc.*,
783 F.3d 753 (9th Cir. 2015).................................................................................................15

*Bank of Am. Corp. v. City of Miami*,
137 S. Ct. 1296 (2017)............................................................................................................6

*Bargetto v. Walgreen Co.*,
No. 22-cv-02639-TLT, 2022 WL 18539360 (N.D. Cal. Dec. 19, 2022)................................9

*Beasley v. Lucky Stores, Inc.*,
400 F. Supp. 3d 942 (N.D. Cal. 2019)..................................................................................14

*Bird v. First Alert, Inc.*,
No. C 14-3585 PJH, 2015 WL 3750225 (N.D. Cal. June 15, 2015).....................................14

*Cheslow v. Ghirardelli Chocolate Co.*,
445 F. Supp. 3d 8 (N.D. Cal. 2020)......................................................................................12

*Conservation Force v. Salazar*,
646 F.3d 1240 (9th Cir. 2011)................................................................................................5

*Curtis v. 7-Eleven, Inc.*,
No. 21-cv-6079, 2022 WL 4182384 (N.D. Ill. Sept. 13, 2022).....................................10, 11

*DeLeon v. Wells Fargo Bank, N.A.*,
No. 10-CV-01390-LHK, 2011 WL 311376 (N.D. Cal. Jan. 28, 2011)................................14

*Duchimaza v. Niagara Bottling, LLC*,
619 F. Supp. 3d 395 (S.D.N.Y. 2022).............................................................................10, 14

*Eidmann v. Walgreen Co.*,
522 F. Supp. 3d 634 (N.D. Cal. 2021), *appeal dismissed*,
2021 WL 4785889 (9th Cir. May 17, 2021).......................................................................6, 13

*Gudgel v. Clorox Co.*,
514 F. Supp. 3d 1177 (N.D. Cal. 2021).................................................................................15

*Hadley v. Kellogg Sales Co.*,
243 F. Supp. 3d 1074 (N.D. Cal. 2017)..................................................................................6

*Hanscom v. Reynolds Consumer Prods.*,
No. 21-cv-03434-JSW, 2022 WL 3549677 (N.D. Cal. Aug. 18, 2022)................................11

*Horti v. Nestle HealthCare Nutrition*,
No. 21-cv-09812-PJH, 2022 WL 2441560 (N.D. Cal. July 5, 2022)....................................13

*Kahn v. FCA US LLC*,
   No. 19-cv-00127-SVW-SS, 2019 WL 3955386 (C.D. Cal. Aug. 2, 2019) .......................15

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ........................................................................................13

*Mason v. AshBritt, Inc.*,
   No. 19-cv-01062-DMR, 2020 WL 127666 (N.D. Cal. Jan. 10, 2020) .............................4

*McGinity v. Procter & Gamble Co.*,
   --- F.4th ---, No. 22-15080, 2023 WL 3911531 (9th Cir. June 9, 2023)...................6, 7

*Meaunrit v. Conagra Foods, Inc.*,
   No. C 09–02220 CRB, 2010 WL 2867393 (N.D. Cal. July 20, 2010) ..............................9

*Moore v. Trader Joe's Co.*,
   4 F.4th 874 (9th Cir. 2021) ............................................................................................9

*Naimi v. Starbucks Corp.*,
   798 F. App'x 67 (9th Cir. 2019) ...................................................................................13

*Ramachandran v. Best Best & Krieger*,
   No. 20-cv-03693-BLF, 2021 WL 428654 (N.D. Cal. Feb. 8, 2021) ................................8

*Red v. Kraft Foods, Inc.*,
   No. CV 10-1028-GW(AGRx), 2012 WL 5504011 (C.D. Cal. Oct. 25, 2012)...................12

*Reilly v. Apple Inc.*,
   2022 WL 1215305 (N.D. Cal. Apr. 25, 2022) .................................................................6

*Rubio v. U.S. Bank N.A.*,
   No. C 13-05752 LB, 2014 WL 1318631 (N.D. Cal. Apr. 1, 2014) ................................10

*In re Safeway Tuna Cases*,
   No. 15-cv-05078-EMC, 2016 WL 3743364 (N.D. Cal. July 13, 2016) ...........................13

*Smith v. Keurig Green Mountain, Inc.*,
   393 F. Supp. 3d 837 (N.D. Cal. 2019) ...........................................................................9

*Souter v. Edgewell Pers. Care Co.*,
   No. 20-CV-1486 TWR (BLM), 2022 WL 485000 (S.D. Cal. Feb. 16, 2022) ............6, 12

*Spokeo Inc. v. Robins*,
   578 U.S. 330 (2016).................................................................................................6, 12

*Sustainable Ranching Partners, Inc. v. Bering Pac. Ranches Ltd.*,
   No. 17-cv-02323-JST, 2017 WL 4805576 (N.D. Cal. Oct. 24, 2017)............................14

*Swartz v. Coca-Cola Co.*,
   No. 21-cv-04643-JD, 2022 WL 17881771 (N.D. Cal. Nov. 18, 2022) .......................9, 11

*Sweet v. LinkedIn Corp.*,
   2015 WL 1744254 (N.D. Cal. Apr. 14, 2015) .................................................................8

*Wallace v. ConAgra Foods, Inc.*,
   747 F.3d 1025 (8th Cir. 2014) ........................................................................ 12

*Watkins v. MGA Ent., Inc.*,
   550 F. Supp. 3d 815 (N.D. Cal. 2021) .......................................................... 6, 13

**Statutes**

Cal. Civ. Code § 1782(a)–(b)............................................................................... 15

**Rules**

Fed. R. Civ. P. 9(b) ............................................................................................... 6

Fed. R. Civ. P. 12(b)(1)..................................................................................... 6, 12

**Regulations**

16 C.F.R. pt. 260.12(a) ............................................................................. 1, 10, 11

**Other Authorities**

American Heritage Dictionary of the English Language (5th ed. 2016) ................. 9

Cambridge International Dictionary of English (1st ed. 1995)................................ 9

Oxford Dictionary of English (3d ed. 2010)........................................................... 9

Oxford English Dictionary (3d ed. 2009) .............................................................. 9

## INTRODUCTION

Plaintiff's consumer labeling class action ignores what SC Johnson actually says on the packaging for Ziploc® resealable bags.  SC Johnson tells purchasers on the package itself that Ziploc® bags are "recyclable"—and that this means "recyclable when clean and dry at drop-off bins at participating retailers."  Compl. ¶ 23.  The Complaint does not and cannot allege facts to show that representation is false or misleading, and Plaintiff Margaret Peggi Louise Garvey cannot gloss over the actual language to assert a claim where none exists.  That is the end of this case.

Rather than challenge the "recyclable" representation as it actually appears on the packaging—which clearly directs consumers to drop off Ziploc® bags at participating retailers—Plaintiff's Complaint attempts to challenge SC Johnson's "recyclable" claims by ignoring the store drop-off instruction and instead discussing the problems with recycling plastics when deposited in residential curbside pickups and sent to ordinary municipal recycling facilities ("MRFs").  The Complaint lacks any allegations that Ziploc® bags deposited at participating store drop-off collection sites make their way to MRFs, rendering any discussion of the problems with plastics at MRFs wholly irrelevant to this case.  Plaintiff's disregard for the actual recyclability representations on the packaging for Ziploc® bags compels dismissal, even before considering other threshold deficiencies that independently mandate dismissal.

***Plaintiff does not allege a representation that would mislead a reasonable consumer.*** SC Johnson truthfully and accurately informs purchasers of Ziploc® bags that the product is "recyclable," and explains what this means by specifying that it is recyclable when dropped-off clean and dry at participating retailers.  A reasonable consumer would understand those representations to mean exactly what they say: recyclable at participating store drop-off collection sites.  Nothing on the packaging suggests that the bags can be placed in residential curbside pickups or given to MRFs, and no reasonable consumer could reach that conclusion when the packaging expressly tells consumers what to do.

Plaintiff's claims also rest on the unreasonable assumption that the term "recyclable" amounts to a guarantee that the product *will* be recycled.  The Complaint invokes the FTC's Green Guides, but the Green Guides acknowledge that the plain meaning of "recyclable" refers to a product that is capable of being recycled. 16 C.F.R. pt. 260.12(a).  What's more, the Complaint admits that Ziploc® bags are made from low-density polyethylene (LDPEs) and that LDPEs are capable of being recycled, *see, e.g.*, Compl.

¶¶ 25, 41, underscoring that no reasonable consumer would understand "recyclable" to mean anything other than that Ziploc® bags have the ability to be recycled when taken to store drop-offs as directed.

*Plaintiff does not plead a cognizable injury and therefore lacks both Article III and statutory standing*.  Plaintiff's Complaint also fails for lack of standing because it does not allege facts establishing that she was unsuccessful in dropping off Ziploc® bags for recycling in the manner SC Johnson directs. She does not claim, for instance, that she could not locate a store, that there are no participating retailers, or that she took Ziploc® bags to a participating retailer that nonetheless refused them.  Nor does she claim that her Ziploc® bags were, in fact, not actually recycled.  Moreover, Plaintiff's conclusory damages allegations are insufficient to establish injury-in-fact: it is not enough for her to use buzz words like "price premium" when she does not plead any facts suggesting she actually paid a premium because of the challenged "recyclable" claim.  The Complaint should be dismissed for this independent reason as well.

*Plaintiff's fraud-based claims do not satisfy Rule 9(b).*  Plaintiff not only fails to allege the specific representations on which she relied (by sidestepping the fact that SC Johnson says only that the product is "recyclable when clean and dry at drop-off bins at participating retailers"), but also fails to allege the particular circumstances of her supposed product purchases, neglecting basic details such as the dates of purchase, how many purchases she made, and how much she paid for the products.  These failures merit dismissal of all of Plaintiff's fraud-based claims.

*Other grounds.*  Plaintiffs' various claims suffer from other threshold deficiencies as well, including that she failed to allege facts supporting fraudulent intent, she does not allege an independent theory supporting an unjust enrichment claim, her Complaint includes Ziploc® products that do not make "recyclable" representations, and SC Johnson did not receive a pre-suit demand letter under the CLRA. For these reasons, as further explained below, the Court should dismiss the Complaint in full.

## BACKGROUND

SC Johnson is a family company whose household products include resealable Ziploc® bags that can be used to store food and other items.  *See* Compl. ¶ 5.  Ziploc® bags are made with low-density polyethylene ("LDPE"), a type of flexible plastic film.  *Id.* ¶ 1.  As part of its commitment to sustainability, SC Johnson informs consumers that Ziploc® bags are recyclable "when" presented clean and dry at

1    participating "store drop-off" collection sites.  *Id.* ¶¶ 21, 23. [1]  Immediately next to the recycling logo (♲),

2    the front of the packaging specifically directs consumers to "SEE BOTTOM FOR DETAILS."  *Id.* ¶ 21.



Image Accompanying
Compl. ¶ 21

10   The bottom of the box in turn features two separate recyclability statements that instruct consumers that

11   Ziploc® bags are recyclable at participating store drop-off collection sites.  *Id.* ¶ 23.  <u>First</u>, in compliance

12   with guidance from how2recycle.org, an environmental nonprofit organization that provides standard

13   recyclability labels designed to follow FTC guidance, SC Johnson represents that Ziploc® bags are

14   recyclable by using a chasing arrows recycling symbol that specifies this means "Store Drop-Off."  *Id.*

15   <u>Second</u>, under a heading entitled "Environmental Facts," SC Johnson expressly explains that "[b]ags are

16   recyclable when clean and dry at drop-off bins at participating retailers."  *Id.*



Image Accompanying
Compl. ¶ 23

24         SC Johnson does not make any representation on the packaging—and Plaintiff does not point to

25   any (let alone allege reliance on any)—that consumers should recycle Ziploc® bags through street

26   collection programs or other recycling programs apart from participating store drop-offs.  That is because

27   _____

28   [1] Plaintiff specifically points to SC Johnson's recyclability representations on Ziploc® Sandwich Bags.
     Compl. ¶¶ 21, 23.  Certain Ziploc® Products, such as Zip'n Steam Cooking Bags, do not contain
     recyclability representations at all and should not be the subject of this litigation.  *See infra* Section VII.

products using flexible LDPE typically cannot be recycled through street collection programs (such as residential curbside pickups), and instead can be recycled through designated drop-off sites at participating retailers (which is why SC Johnson advertises precisely that).  *E.g.*, *id.* ¶ 24.

In addition to the recyclability representations on the boxes for Ziploc® bags, the Ziploc® Sustainability and Safety webpage similarly represents that Ziploc® bags are "recyclable" at participating store drop-off collection sites.  *E.g.*, *id.* ¶¶ 5, 13, 27.  Notably, while the Complaint quotes from and relies on this SC Johnson website, it selectively omits a number of representations from the website that refute Plaintiff's claims.  For instance, Plaintiff alleges she relied on the statement "Recycle Bags: Yes, it's true, Ziploc® brand bags are recyclable.  Really!", *see* Compl. ¶ 27, ***yet neglects to include the very next sentence*** instructing that Ziploc® bags are recyclable through store drop-off sites: "***Just look for the bin next time you're <u>at your local participating store</u>***.  Your used Ziploc® brand bags (clean and dry) go in the same bins as those plastic shopping bags."[2]  Ex. 1 (Ziploc "Sustainability & Safety" webpage) at 1.[3] Similarly, while Plaintiff quotes from the "IT'S IMPORTANT!" language about recycling generally, she again omits the very next statement that Ziploc® bags should be recycled through special collection sites: "JUST DROP 'EM OFF: ***Certain*** locations, like recycling centers and retail stores, have set up ***drop-offs for plastic bag recycling***," where "[y]ou can drop off: Ziploc® brand bags (clean and dry)."  *Id.*  And this website further instructs that customers can "find recycling locations" by going to plasticfilmrecycling.org (which in turn has a link to a website where a user can input a zip code or city).  *Id.*; Glick Decl. ¶¶ 4–7.

Despite SC Johnson's express directions that Ziploc® bags are "recyclable" by bringing them to drop-off sites at participating retailers, Plaintiff has filed this consumer labeling class action alleging claims under California's consumer protection statutes (Counts 1–2, 5), as well as for fraud (Count 3),

---

[2] All emphasis is added unless otherwise noted.

[3] All exhibits are attached to the accompanying Declaration of Michael A. Glick.  These exhibits can be considered under both the incorporation-by-reference and completeness doctrines, as well as for the reasons explained in the accompanying Request for Judicial Notice and Incorporation by Reference.  For example, although Plaintiff only quotes selected snippets from Ziploc®'s Sustainability & Safety webpage, it is well-settled that the entire webpage may be considered at this stage.  *See, e.g.*, *Mason v. AshBritt, Inc.*, No. 19-cv-01062-DMR, 2020 WL 127666, at *4 (N.D. Cal. Jan. 10, 2020) ("Under the incorporation by reference doctrine, a court may 'take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading.'  The Court may consider the entire document, even if only portions were quoted or referenced in the Complaint." (citation and alterations omitted)); *see also infra* 8 n.5.

negligent misrepresentation (Count 4), and unjust enrichment (Count 6).  Plaintiff brings suit even though she never alleges that she actually tried (let alone was unable) to drop off her Ziploc® bags at a participating retailer.  And while she only claims to have purchased one type of Ziploc® bags—Ziploc® Brand Sandwich Bags—she seeks to represent a class of purchasers for *22* different Ziploc® products, including a vacuum sealing *machine* that isn't a bag at all.  *See* Compl. ¶ 2 (listing "Ziploc® Brand Vacuum Sealer V200 Series" sealing machine).  SC Johnson moves to dismiss the Complaint in full.

## ISSUES PRESENTED

1.      Whether Plaintiff has pleaded a viable cause of action to challenge the "recyclable" claims for Ziploc® bags, when the product packaging expressly specifies that the bags must be brought to a store drop-off site at participating retailers, and thus does not mislead reasonable consumers.

2.      Whether Plaintiff lacks Article III and/or statutory standing when she failed to plead any cognizable injury associated with her use of or ability to recycle Ziploc® bags.

3.      Whether Plaintiff's failure to plead her CLRA, UCL, FAL, fraud, and negligent misrepresentation claims with particularity subjects those claims to dismissal.

4.      Whether Plaintiff's failure to allege fraudulent intent requires dismissal of her fraud claim.

5.      Whether Plaintiff's unjust enrichment claim is barred when California does not recognize it as a standalone claim and Plaintiff neglected to allege any independent theory supporting it.

6.      Whether Plaintiff's failure to serve a demand letter precludes her CLRA damages claim.

7.      Whether Plaintiff lacks standing to sue over products without a "recyclable" representation.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of [the] claim[s]" alleged in the Complaint.  *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011).  "To survive a motion to dismiss, a plaintiff's complaint must have sufficient facts 'to state a facially plausible claim to relief.'"  *Id.*  While the Court must accept concrete factual allegations in the complaint as true when ruling on a motion to dismiss, the basic pleading standards in Rule 8 "do[] not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

To survive a motion to dismiss under Rule 12(b)(1) for lack of standing, a plaintiff must present sufficient facts that she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged

conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo Inc. v. Robins*, 578 U.S. 330, 338 (2016); Fed. R. Civ. P. 12(b)(1). Federal courts have no jurisdiction when a plaintiff fails to allege facts that would establish an injury caused by a defendant's conduct. *See Bank of Am. Corp. v. City of Miami*, 137 S. Ct. 1296, 1302 (2017).

Rule 9(b) "establishes a heightened pleading standard for claims sounding in fraud," requiring parties alleging fraud to "'state with particularity the circumstances constituting fraud or mistake,'" including the "particular circumstances surrounding [the] representations at issue." *Watkins v. MGA Ent., Inc.*, 550 F. Supp. 3d 815, 828, 833 (N.D. Cal. 2021) (quoting Fed. R. Civ. P. 9(b)). Rule 9(b) extends to claims for fraud, negligent misrepresentation, and California's CLRA, UCL, and FAL claims, insofar as they are premised on allegedly fraudulent statements or omissions. *See, e.g.*, *Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 647 (N.D. Cal. 2021), *appeal dismissed*, 2021 WL 4785889 (9th Cir. May 17, 2021).

## **ARGUMENT**

**I.    The Complaint Fails to State Any Actionable Representation That Would Mislead a Reasonable Consumer.**

### **A.    Plaintiff Ignores the Actual "Recyclable" Representation for Ziploc® Bags and Conflates the Recycling Processes for Store Drop-Offs versus Curbside Recycling.**

All of Plaintiff's claims fail at the outset because she sidesteps the actual representations that SC Johnson does and does not make on the packaging for Ziploc® bags. To state a claim under the CLRA, UCL, and FAL, a plaintiff must allege that the defendant's labeling or advertising is "likely to deceive a reasonable consumer." *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1089 (N.D. Cal. 2017) (internal quotation marks omitted). The Ninth Circuit has emphasized that "[t]he reasonable consumer test requires more than a ***mere possibility*** that defendant's product might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner," and instead "requires a ***probability*** 'that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *McGinity v. Procter & Gamble Co.*, --- F.4th ---, No. 22-15080, 2023 WL 3911531, at *3 (9th Cir. June 9, 2023) (quotation marks omitted). Plaintiff's other claims similarly require factual allegations that would establish an actionable misrepresentation for reasonable consumers. *See, e.g.*, *Reilly v. Apple Inc.*, 2022 WL 1215305, at *4 (N.D. Cal. Apr. 25, 2022); *Souter v. Edgewell Pers. Care Co.*, No. 20-CV-1486 TWR (BLM), 2022 WL 485000, at *12 (S.D. Cal. Feb. 16, 2022).

Plaintiff cannot identify any actionable representation or omission by SC Johnson that would mislead a reasonable consumer, unless she ignores the actual language of SC Johnson's statements that Ziploc® bags should be recycled *through store drop-off sites at participating retailers*.  A reasonable consumer would understand that directions to take bags to "store drop-off" sites and that "[b]ags are recyclable when clean and dry at drop-off bins at participating retailers," Compl. ¶ 23, does not mean these bags should be placed in streetside recycling containers and recycled through other means.

Instead of acknowledging SC Johnson's express directions to consumers about drop-off sites, the Complaint diverts to discussing the challenges with recycling plastics through streetside recycling programs that take products from residences to traditional municipal recycling facilities (MRFs).  *E.g., id.* ¶¶ 30-31.  Plaintiff then dives further down the proverbial rabbit hole in alleging that 93% of MRFs— which, by Plaintiff's admission, "collect recyclable waste, often through curbside pickup," Compl. ¶ 6— do not accept plastic film, such as the LDPE in Ziploc® bags, for recycling.  *E.g., id.* ¶¶ 30, 42.  But these allegations are entirely irrelevant to the actual statements on the packaging for Ziploc® bags, where SC Johnson represents not once, but twice, that Ziploc® bags are recyclable via "store drop off" when presented "clean and dry at drop-off bins at participating retailers," *id.* ¶ 23, and nowhere instructs consumers to put bags in residential recycling containers or to give them to MRFs, *id.* ¶¶ 21, 23.  Plaintiff cannot survive dismissal by complaining about alleged recycling problems attributable to curbside containers or MRFs, when none of that pertains to what SC Johnson represents "recyclable" to mean when it comes to Ziploc® bags.[4]

SC Johnson's Ziploc® "Sustainability & Safety" webpage (which Plaintiff selectively quotes from) likewise instructs consumers to recycle Ziploc® bags through store drop-off collection sites, and in no way suggests that the products are recyclable when placed in curbside containers or given to MRFs:

- "RECYCLE BAGS.  Yes, it's true, Ziploc® brand bags are recyclable.  Really!  Just look for the bin *next time you're at your local __participating__ store*.  Your used Ziploc® brand bags (clean and dry) go in the same bins as those plastic shopping bags."  Ex. 1 (Ziploc® "Sustainability & Safety" webpage) at 1.

---

[4] Plaintiff also cannot fall back on an argument that the recycling logo on the front of the packaging is somehow ambiguous.  The front of the box advises consumers to "SEE BOTTOM FOR DETAILS." Compl. ¶ 21.  And as the Ninth Circuit recently emphasized in *McGinity*, any "ambiguity can be resolved by reference to the back label" or consulting the rest of the packaging, which here instructs consumers to bring their Ziploc® bags to participating store drop-off sites.  *See McGinity*, 2023 WL 3911531, at *4.

- "JUST DROP 'EM OFF.  ***Certain* locations, like recycling centers and retail stores**, have set up drop-offs for plastic bag recycling.

  You can drop off:  Ziploc® brand bags (clean and dry)." *Id.*

The same webpage explains that consumers can "find recycling locations" by "visit[ing]: http://www.plasticfilmrecycling.org" (which in turn has a link to a page where a consumer can input a zip code and find nearby drop-off locations).  *Id.*; Glick Decl. ¶¶ 4–7, Exs. 2-4.  Plaintiff's discussion of SC Johnson's website neglects to mention that searching the linked directory identifies at least 9 participating locations (including at Safeway) within 20 miles of Novato, CA where she resides.  *Id.* ¶ 7.[5]

In short, none of SC Johnson's "recyclable" claims about Ziploc® bags that Plaintiff points to directs consumers to MRFs or even mentions MRFs.  *E.g.*, Compl. ¶¶ 5, 21, 23, 27.  Nor does the Complaint allege that Ziploc® bags deposited at participating store drop-off sites actually end up at MRFs, which means that Plaintiff's claimed concerns about MRFs have no bearing here.  And while the Complaint offers the conclusory assertion that Ziploc® bags deposited at store drop-off sites "are still not recycled," *id.* ¶ 31, it does not allege facts either to support that statement or to dispute yet another point from the Ziploc® webpage that the Complaint selectively ignores, *id.* ¶ 27: "WHAT GETS MADE?  The majority of recycled plastic bags become composite lumber.  Composite lumber is used for fences, benches, decks, door and window frames, and even playground equipment.  You can also visit these key plastic recycling organizations for more information: TREX, Hilex and AERT."  Ex. 1 (Ziploc® "Sustainability & Safety" webpage) at 2.

With no allegations to demonstrate how bags that are dropped off at store drop-off sites are tied to the limited recyclability of plastics at MRFs—and no allegations that drop-off sites suffer recyclability

---

[5] This Court may incorporate by reference SC Johnson's linked directory that aids consumers in identifying store drop-off collection sites to recycle Ziploc® bags.  The Complaint relies heavily on SC Johnson's webpage, *e.g.*, Compl. ¶¶ 22–25, 31, but ignores that the webpage provides a link that directs consumers to the directory, Exs. 1–4.  *See Ramachandran v. Best Best & Krieger*, No. 20-cv-03693-BLF, 2021 WL 428654, at *4 (N.D. Cal. Feb. 8, 2021) (noting that the incorporation-by-reference doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims" (citation and quotation marks omitted)).  These materials are also properly the subject of judicial notice, as explained in SC Johnson's concurrent Request for Judicial Notice and Incorporation by Reference.  *See Sweet v. LinkedIn Corp.*, 2015 WL 1744254, at *2 n.25 (N.D. Cal. Apr. 14, 2015) (taking judicial notice "of a copy of [a] webpage that correspond[ed] to [a] hyperlinked phrase" as well as "search results").

challenges similar to those at MRFs—Plaintiff has failed to plead a plausible claim that SC Johnson's statements concerning the recyclability of Ziploc® bags are false or misleading.[6]  *See, e.g., Meaunrit v. Conagra Foods, Inc.*, No. C 09–02220 CRB, 2010 WL 2867393, at *2 (N.D. Cal. July 20, 2010) (granting dismissal because "[p]laintiff ignores the portions of the label that undermine her argument.  The label specifically informs the consumer that the product is microwaveable only in a certain class of microwave . . . .  There is nothing false about a label that accurately informed Plaintiff that not all microwaves are suitable.").  SC Johnson represents that the bags are capable of being recycled—that's what "recyclable" means—and explains how.  The Court should therefore dismiss Plaintiff's CLRA, UCL, and FAL claims for failure to plead facts that would meet the "reasonable consumer" standard, and her fraud, negligent misrepresentation, and unjust enrichment claims for failure to identify any actionable misrepresentation.

### B.    Plaintiff's "Recyclable" Claim Conflicts with the Plain Meaning of That Term.

Plaintiff's claims should also be dismissed because they depend on interpreting the word "recyclable" to mean more than that a product is "capable of being recycled"—and instead hinge on a nonsensical contention that "recyclable" amounts to a guarantee that a product "***will*** be recycled."  *E.g.*, Compl. ¶¶ 24, 30–32, 36; *Moore v. Trader Joe's Co.*, 4 F.4th 874, 882–83 (9th Cir. 2021) ("[W]here plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels or other advertising, dismissal on the pleadings may well be justified.").  Indeed, the plain meaning of "recyclable" is "capable of being recycled."  Oxford English Dictionary (3d ed. 2009); American Heritage Dictionary of the English Language (5th ed. 2016); Oxford Dictionary of English (3d ed. 2010) ("able to be recycled"); Cambridge International Dictionary of English (1st ed. 1995) ("able to be recycled").  As these dictionary definitions confirm, the term does not mean "100% will be recycled" or that a product is "guaranteed to be recycled."  *See Swartz v. Coca-Cola Co.*, No. 21-cv-04643-JD, 2022 WL 17881771, at *1 (N.D. Cal. Nov. 18, 2022) ("***If anything, a reasonable consumer would understand that making an***

---

[6] In light of SC Johnson's express representations that Ziploc® bags should be recycled at store drop-off collection sites and that Ziploc® bags are handled by specialized plastic recycling organizations, Ex. 1 (Ziploc® "Sustainability & Safety" webpage) at 1–2, Plaintiff's failure to allege how materials dropped off at store collection bins make their way to MRFs distinguishes cases like *Bargetto v. Walgreen* and *Smith v. Keurig* that turn on the limited recycling capabilities at MRFs.  *See Bargetto* v. *Walgreen Co.*, No. 22-cv-02639-TLT, 2022 WL 18539360, at *4–6 (N.D. Cal. Dec. 19, 2022); *Smith v. Keurig Green Mountain, Inc.*, 393 F. Supp. 3d 837, 845–47 (N.D. Cal. 2019).

*object recyclable is just the first step in the process of converting waste into reusable material, and not a guarantee that the process will be completed.*").  The FTC's Green Guides confirm this plain meaning, stating that a product can be marketed as "recyclable if it '***can be*** collected, separated or otherwise recovered from the waste stream through an established recycling program for reuse or use in manufacturing or assembling another item.'"  16 C.F.R. pt. 260.12(a); *see also Duchimaza v. Niagara Bottling, LLC*, 619 F. Supp. 3d 395, 413 (S.D.N.Y. 2022) ("[T]he focus of the Green Guides is on ***the availability of recycling facilities***, not the incidence of recycling.").

The Complaint is particularly implausible because it actually refutes its own contention that Ziploc® bags cannot be recycled.  To be sure, Plaintiff at times offers blanket assertions that LDPE products are "not recyclable."  Comp. ¶ 22 ("The Products are not recyclable because they are made from low-density polyethylene (LDPE, aka Plastic No. 4) film that is not recyclable and, as a result, the Products contaminate the recyclable waste stream and decrease the recyclability of otherwise recyclable materials."); *see, e.g.*, *id.* ¶¶ 28, 31, 34.  Importantly, however, the Complaint acknowledges that LDPE products ***are*** capable of being recycled and hedges any blanket suggestions by focusing only on supposed limited recyclability.  *E.g.*, *id.* ¶ 25 (acknowledging availability of "programs capable of actually recycling the Products" and arguing only that they are limited); *id.* ¶ 41 (acknowledging there are "facilities that will actually process LDPE" and arguing only that access is limited).  This internal inconsistency only highlights the implausibility of Plaintiff's position:  her own acknowledgment that there are "programs capable of actually recycling the Products" refutes the conclusory assertion that LDPEs are not recyclable at all and, at a minimum, fails the plausibility requirement under *Iqbal* and *Twombly*.  *See Rubio v. U.S. Bank N.A.*, No. C 13-05752 LB, 2014 WL 1318631, at *12–13 (N.D. Cal. Apr. 1, 2014) (dismissing claims that "appear[] to be contradicted by other allegations in the complaint").

Courts have addressed these very problems in the specific context of "recyclable" product advertising claims.  In *Curtis v. 7-Eleven, Inc.*, the trial court granted dismissal of claims based on the meaning of the term "recyclable" and the alleged unavailability of recycling facilities for 7-Eleven's styrofoam and plastic products, emphasizing that the plaintiff's complaint at first claimed that the products were not recyclable, but then "walk[ed] it back" in the very same pleading and "hedg[ed]" that the issue was "[t]he limited availability of recycling facilities."  No. 21-cv-6079, 2022 WL 4182384, at *13 (N.D.

Ill. Sept. 13, 2022).  In other words, despite blanket assertions that 7-Eleven had represented its products "are recyclable where in fact they are not," the complaint then qualified plaintiff's allegations to say only that the products were "made out of plastics that are not recyclable in any municipal recycling facilities *that consumers have access to*," and that there are "no recycling facilities in the Chicago region that recycle RIC No. 6 plastics." *Id.* (emphasis in original).  As the court observed, "[a] reasonable consumer would not read into the word 'recyclable' a guarantee that there are local facilities that recycle that type of plastic," and the plaintiff's hedged statements actually "confirm[ed] that the products are recyclable." *Id.* at *14 (noting plaintiff's claim that "there is currently no market for RIC No. 5 plastics and less than 5% of all RIC No. 5 plastic collected nationwide is actually recycled" aligned with the representation that "the products are capable of getting recycled").

Here, Plaintiff never alleges that SC Johnson represents that Ziploc® bags can be placed in streetside recycling containers in front of one's home or taken to regular MRFs.  Nor can she, because SC Johnson expressly instructs consumers to take their Ziploc® bags to store drop-off collection sites at participating retailers.  Compl. ¶ 23 (image of product packaging); *see Swartz*, 2022 WL 17881771, at *1 ("No reasonable consumer would understand '100% recyclable' to mean that the entire product will always be recycled or that the product is 'part of a circular plastics economy in which all bottles are recycled into new bottles to be used again.'").  And, as explained in Section II, Plaintiff cannot support her claims by attacking the prevalence or availability of store drop-off sites at participating retailers, because the Complaint does not and cannot allege that she encountered any difficulties on that score.[7]

At bottom, Plaintiff's case not only sidesteps what SC Johnson does and does not say about the recyclability of Ziploc® bags but also contradicts the plain meaning of "recyclable": that a product is "capable of being recycled."  *E.g.*, 16 C.F.R. pt. 260.12(a) (stating that a product can be marketed as "recyclable if it '***can be*** collected, separated or otherwise recovered from the waste stream through an

---

[7] This also distinguishes cases like *Hanscom v. Reynolds Consumer Prods.*, which alleged false advertising in the marketing of "recycling bags."  *E.g.*, No. 21-cv-03434-JSW, 2022 WL 3549677, at *1, *3 (N.D. Cal. Aug. 18, 2022).  Unlike in those cases—where plaintiffs alleged that specialized "recycling bags" were advertised as promoting the recycling process when they actually impeded that process—the Ziploc® products here were simply marketed as being "recyclable" when brought to store drop-off sites, and Plaintiff does not allege that such sites were unavailable, turned Ziploc® products away, or otherwise rendered any SC Johnson representation false or misleading.

1   established recycling program for reuse or use in manufacturing or assembling another item'"). Because

2   courts routinely reject interpretations that ignore the everyday "fact[s] of life," *Red v. Kraft Foods, Inc.*,

3   No. CV 10-1028-GW(AGRx), 2012 WL 5504011, at *3 (C.D. Cal. Oct. 25, 2012), and that interpret terms

4   contrary to their "common definition[s] and understanding[s]," this Court should dismiss Plaintiff's claims

5   in full. *Cheslow v. Ghirardelli Chocolate Co.*, 445 F. Supp. 3d 8, 17 (N.D. Cal. 2020).

6   **II.    Plaintiff Lacks Article III and Statutory Standing Absent an Injury-In-Fact.**

7          Even if Plaintiff could overcome these obstacles, the Complaint should be dismissed in full for the

8   separate and independent reason that Plaintiff fails to plead a cognizable injury sufficient to confer Article

9   III or statutory standing. *See Spokeo Inc. v. Robins*, 578 U.S. 330, 338 (2016). Article III standing requires

10  pleading facts to show that a plaintiff has "(1) suffered an injury in fact, (2) that is fairly traceable to the

11  challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."

12  *Id.*; Fed. R. Civ. P. 12(b)(1). The UCL, FAL, and CLRA also require "a loss or deprivation of money or

13  property sufficient to qualify as injury in fact, i.e., economic injury." *Souter*, 2022 WL 485000, at *4.

14         Plaintiff's own allegations do not state an injury-in-fact because she never alleges that she

15  attempted (let alone was unable) to recycle her Ziploc® bags. While Plaintiff offers the generalization

16  that "many retail stores in California no longer accept plastic bags for drop-off recycling," Compl. ¶ 24,

17  Plaintiff never identifies a single store where she attempted to drop off her Ziploc® bags for recycling and

18  was unable to do so, and therefore never alleges that she was prevented from recycling her Ziploc® bags

19  because she was unable to access a store drop-off collection site. In fact, Plaintiff never alleges that she

20  attempted to recycle her Ziploc® bags at all. To the contrary, Plaintiff simply assumes that Ziploc® bags

21  typically are not recycled—saying nothing of her Ziploc® bag purchases in particular. *See, e.g.*, Compl.

22  ¶¶ 4, 18, 30–32, 36. These deficiencies alone demonstrate that Plaintiff has not suffered an injury-in-fact

23  sufficient to confer standing. *See Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1031 (8th Cir. 2014)

24  (finding consumers lacked standing to sue based on allegation that some of the defendant's "100% kosher"

25  products contained non-kosher meat because it was "pure speculation to say the particular packages sold

26  to the consumers were tainted by non-kosher beef, while it [wa]s quite plausible [defendant] sold the

27  consumers exactly what was promised: a higher quality, kosher meat product").

28

Plaintiff's conclusory assertions of a purported "price premium" also are not enough to confer standing. While a plaintiff could hypothetically allege a cognizable injury for Article III and statutory standing by pleading facts to show that she paid a "price premium" due to a marketer's purportedly deceptive conduct, a plaintiff lacks standing when her "allegations lack any detail about the prices [she] paid or the differences between [accused] products and non-premium products." *Horti v. Nestle HealthCare Nutrition*, No. 21-cv-09812-PJH, 2022 WL 2441560, at *8 (N.D. Cal. July 5, 2022). Here, Plaintiff rests on the boilerplate assertion that she paid a "premium" for Ziploc® products "over comparable products that did not purport to be 'recyclable.'" Compl. ¶ 10. The Complaint does not allege any facts regarding the price premium she supposedly paid, the prices of comparable products, or whether her Ziploc® bags were actually worth less than what she paid. "'The bare recitation of the word "premium" does not adequately allege a cognizable injury,'" and Plaintiff has accordingly failed to plead a sufficient injury-in-fact. *Horti*, 2022 WL 2441560, at *8 (quoting *Naimi v. Starbucks Corp.*, 798 F. App'x 67, 70 (9th Cir. 2019)). Her Complaint should be dismissed in full.[8]

## III. Plaintiff's Fraud-Based Claims Must Be Dismissed for Failure to Comply with Rule 9(b).

Plaintiff's fraud-based claims fail under the heightened pleading standard in Rule 9(b). Rule 9(b) "applies regardless of whether the statements at issue are misleading because they are affirmative misrepresentations or because they contain material omissions," *Watkins*, 550 F. Supp. 3d at 833, and extends to fraud, negligent misrepresentation, and UCL, CLRA, and FAL claims premised on allegedly fraudulent statements or omissions. *See Eidmann*, 522 F. Supp. 3d at 647.

Here, Plaintiff failed to allege the "who, what, when, where, and how" of SC Johnson's claimed misconduct with particularity, given that she does not allege any details about her supposed purchases. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). At most, she alleges that "[d]uring the class period alleged herein, [she] purchased Ziploc® Brand Products on numerous occasions from Safeway stores in Marin County," including Ziploc® Brand Sandwich Bags, Compl. ¶ 12, and that she

---

[8] To the extent Plaintiff claims some unspecified economic injury beyond her unsubstantiated "price premium" allegations, her negligent misrepresentation and fraud claims are barred by the economic loss doctrine. *See In re Safeway Tuna Cases*, No. 15-cv-05078-EMC, 2016 WL 3743364, at *2 (N.D. Cal. July 13, 2016) (dismissing negligent misrepresentation claim in a false advertising consumer class action because "if a purchaser seeks damages for economic loss, without any claim of personal injury or damages to other property, he must recover in contract").

"purchased the Products in reliance on Defendant's representations that these Products are 'recyclable.'" *Id.* ¶¶ 8, 13.  Those allegations do not provide any clarity on how many purchases she made, how much she paid for the products, and when the purchases occurred.  *See Bird v. First Alert, Inc.*, No. C 14-3585 PJH, 2015 WL 3750225, at *9 (N.D. Cal. June 15, 2015) ("FAC fails to plead facts showing when the transaction occurred (other than 'the winter of 2011-2012') [and] when plaintiff reviewed [defendants'] disclosures. . . .").  These skeletal descriptions fall well short of Rule 9(b)'s specificity requirement.  *See Beasley v. Lucky Stores, Inc.*, 400 F. Supp. 3d 942, 955 (N.D. Cal. 2019) (dismissing UCL, FAL, and CLRA claims because "allegations that [plaintiff] 'repeatedly' purchased [the challenged product] and purchased the product 'during the class period approximately once per month' are too general to satisfy the 'when' requirement of Rule 9(b)").  Plaintiff's fraud, negligent misrepresentation, and fraud-based statutory claims should be dismissed.

## IV.    Plaintiff's Fraud Claim Fails Because She Does Not Allege Fraudulent Intent.

Plaintiff's fraud claim should be dismissed for the additional reason that she does not plead facts sufficient to give rise to an inference of fraudulent intent.  Plaintiff is required to "plead facts establishing scienter with the plausibility required under Rule 8(a)."  *DeLeon v. Wells Fargo Bank, N.A.*, No. 10-CV-01390-LHK, 2011 WL 311376, at *8 (N.D. Cal. Jan. 28, 2011).  Here, Plaintiff only makes vague allegations that SC Johnson's statements that Ziploc® bags are "recyclable" would "capitalize on consumer demand for 'green' products" and prompt "reasonable consumers to believe . . . that the Products are recyclable, do not contaminate the recycling waste stream," and "are specifically designed to be environmentally superior to competitors' products."  Compl. ¶ 47; *see Duchimaza,* 619 F. Supp. 3d at 417 (holding that an allegation that defendant "marketed [its 'recyclable'] bottles to 'capitalize on consumer demand for "green" products'" was "insufficient to give rise to a strong inference of fraudulent intent").  None of those allegations provides facts to show that SC Johnson acted with knowledge or intent that consumers be misled.  *See Sustainable Ranching Partners, Inc. v. Bering Pac. Ranches Ltd.*, No. 17-cv-02323-JST, 2017 WL 4805576, at *8 (N.D. Cal. Oct. 24, 2017) (dismissing fraud and misrepresentation claims where plaintiff failed to allege "any conduct that indicates knowledge or fraudulent intent").  Plaintiff's conclusory allegations are not enough under Rule 8(a).

1
2

**V.     Plaintiff's Unjust Enrichment Claim Fails Because Unjust Enrichment Is Not a Stand-Alone Claim and She Does Not Identify Any Independent Theory Supporting It.**

3

Plaintiff's unjust enrichment claim should be dismissed as well.  While courts may allow unjust

4

enrichment to proceed "as a quasi-contract claim seeking restitution," *Astiana v. Hain Celestial Grp., Inc.*,

5

783 F.3d 753, 762 (9th Cir. 2015), such claims fail when the plaintiff "does not identify any independent

6

theory of unjust enrichment that does not rise or fall with her statutory claims."  *Gudgel v. Clorox Co.*,

7

514 F. Supp. 3d 1177, 1188 (N.D. Cal. 2021) (quotation marks omitted).  Because Plaintiff's unjust

8

enrichment claim "is predicated on the same factual allegations" as her other causes of action without its

9

own independent theory, it should be dismissed.  *Kahn v. FCA US LLC*, No. 19-cv-00127-SVW-SS, 2019

10

WL 3955386, at *8 (C.D. Cal. Aug. 2, 2019).

11

**VI.    Plaintiff Failed to Serve a CLRA Demand Letter.**

12

Contrary to what Plaintiff contends in her Complaint, Compl. ¶ 71, SC Johnson has no record of

13

Plaintiff serving a pre-suit demand letter as the CLRA requires.  Glick Decl. ¶¶ 10–11.  To the extent a

14

plaintiff fails to serve a demand on defendants at least thirty days before filing suit, "[n]o action for

15

damages may be maintained under Section 1780."  Cal. Civ. Code § 1782(a)–(b).

16
17

**VII.   Plaintiff's Statutory Claims Should Be Dismissed as to Products That Do Not Contain the Challenged "Recyclable" Representation.**

18

Plaintiff's entire case is premised on recyclability representations, yet several Ziploc® brand

19

products (including Zip'n Steam Cooking Bags) do not contain a "recyclable" representation at all.

20

Plaintiff's Complaint appears to have copied a list of Ziploc® brand products from SC Johnson's website

21

without regard to whether each product within the brand actually contains the challenged "recyclable"

22

claim.  *E.g.*, Compl. ¶ 2; *compare* Ex. 5 (Ziploc® "Products" webpage); *with* Ex. 6 (Ziploc® Zip'N Steam

23

Cooking Bags label) at 1.  Any claims concerning Ziploc® brand products that do not make a "recyclable"

24

claim should be dismissed.  *See Gudgel*, 514 F. Supp. 3d at 1186 (concluding that plaintiffs could not state

25

a claim under reasonable consumer standard as to phrases that did not appear on product label).

26

**CONCLUSION**

27

For these reasons, SC Johnson requests that the Court dismiss the Complaint in its entirety.

28

DATED: June 26, 2023

Respectfully submitted,

*/s/ Robyn E. Bladow*

Robyn E. Bladow (SBN 205189)
Kirkland & Ellis LLP
555 South Flower Street
Suite 3700
Los Angeles, CA 90071
Tel.: (213) 680-8400
Email: robyn.bladow@kirkland.com

Edwin John U, P.C. (SBN 198182)
Michael A. Glick, P.C. (*pro hac vice* pending)
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel.: (202) 389-5000
Email: edwin.u@kirkland.com
Email: michael.glick@kirkland.com

*Attorneys for S.C. Johnson & Son, Inc.*

1

**CERTIFICATE OF SERVICE**

2

On June 26, 2023, I electronically filed the foregoing with the Clerk of the Court by using the

3

CM/ECF system which will send a notice of electronic filing to all persons registered for ECF. All

4

copies of documents required to be served by Fed. R. Civ. P. 5(a) and L.R. 5-1 have been so served.

5

6
/s/ *Robyn E. Bladow*
Robyn E. Bladow

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28